Filed 11/10/20  Seaton v. Lightbourne CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GUY SEATON, | C089790 |
| Petitioner and Appellant, | (Super. Ct. No. 34201880002998CUWMGDS) |
| v. | |
| WILL LIGHTBOURNE, as Director of Department of Social Services, etc., et al., | |
| Defendants and Respondents. | |

A person who wishes to manage, operate, or provide direct care services for clients in a community care facility must obtain from the Department of Social Services (department) either a criminal record clearance or, if the person was previously convicted of a crime other than a minor traffic violation, a criminal record exemption (exemption).

1

(Health & Saf. Code, § 1522, subd. (a)(1), (a)(3)(A); Cal. Code Regs.,[1] tit. 22, § 80019, subd. (c).) Petitioner Guy Seaton, who was convicted of four federal felonies in 2002, requested an exemption from the department in connection with his applications for certification as an administrator of two types of community care facilities. His request was denied. Petitioner's subsequent administrative appeal was also denied. Petitioner then filed a Code of Civil Procedure section 1094.5 petition for administrative mandate in superior court (petition), arguing the department abused its discretion in denying his request for an exemption because the department failed to adequately consider the evidence of his rehabilitation and good character and denied him a fair hearing. The superior court disagreed and denied the petition. Petitioner appeals.

Petitioner asserts the department erred in denying his exemption request because the department failed to consider the evidence petitioner presented to rebut the rebuttable presumption that petitioner does not have sufficient good character. We conclude petitioner forfeited his appeal for failing to set forth all material evidence pertaining to the department's decision. We thus affirm.

BACKGROUND

I

*Legal Background*

To request an exemption, a license applicant must submit "substantial and convincing evidence satisfactory to the Department that he/she has been rehabilitated and presently is of such good character as to justify being issued or maintaining a license, employment, presence, or residence in a licensed facility." (§ 80019.1, subds. (c)(4), (d).) The department shall consider factors including, but not limited to, the following as evidence of good character and rehabilitation: the nature of the crime, the period of time

---

[1]     All further section references are to title 22 of the California Code of Regulations unless otherwise specified.

since the crime was committed and the number of offenses, the circumstances surrounding the commission of the crime that would demonstrate the unlikelihood of repetition, the applicant's activities since conviction, character references, and evidence of honesty and truthfulness as revealed in the exemption application documents or interviews and conversations with the department.  (*Id.*, subd. (e).)

There is a rebuttable presumption "an individual is not of such good character as to justify the issuance of an exemption" if, among other things and as applicable here, the applicant fails to show that he or she "has been convicted of two or more nonviolent felonies and ten consecutive years have lapsed since completing the most recent period of incarceration, probation or parole, whichever is latest."  (§ 80019.1, subds. (k)(5), (l).)

## II

### *Factual And Procedural Background*

Several of the facts recited herein are taken from the superior court's ruling in support of the judgment (ruling).  In the ruling, the superior court explained the facts relating to petitioner's conviction, incarceration, and supervised release were taken from the unchallenged, and thus presumed true, findings in the department's decision. Petitioner does not challenge any of the factual findings on appeal.

In 2002, a federal jury found petitioner guilty of four felonies for committing, conspiring to commit, and/or aiding and abetting violations of federal law based on "(1) the submission of false cost reports, (2) the creation of false time cards and payroll reports, (3) the creation of false nursing logs and nursing schedules, (4) the presentation of false nursing schedules and logs to Medicare auditors, and (5) making false statements to Medicare auditors" during the administration of a nursing home, where petitioner served as the president, chief operating officer, owner, and operator.  Petitioner was sentenced to 78 months in prison, followed by three years of supervised release, and ordered to pay restitution.  "Petitioner appealed the conviction and remained free on bond

3

pending appeal. In March 2007, after his appeal was denied, Petitioner began serving his time in custody."

"In August 2011, Petitioner was released to home confinement. In February 2012, he began supervised release. As of October 2012, Petitioner was placed on the low-risk caseload for supervised release. In February 2015, Petitioner's supervised release ended.

"In September 2017, Petitioner applied to the Department for certification to serve as an administrator at two types of community care facilities: adult residential facilities and residential care facilities for the elderly. [Citation.] Soon after Petitioner applied, the Department informed him that, based on his criminal record, he would need to obtain a criminal record exemption. Petitioner then applied for a criminal record exemption.

"In January 2018, the Department denied Petitioner's request for a criminal record exemption. The Department reasoned that Petitioner's criminal history was 'incompatible' with the care of vulnerable clients, and that Petitioner had failed to show he was sufficiently rehabilitated to grant an exemption. The Department relied on the relatively short amount of time since the termination of Petitioner's supervised release, Petitioner's failure to accept responsibility for the convictions, and Petitioner's failure to submit any compelling proof of rehabilitation. [Citation.] Petitioner appealed and the matter was scheduled for an administrative hearing." (Fn. omitted.)

At the administrative hearing, the department called three witnesses to testify: Gate Su, an associate governmental program analyst for the department's community care licensing background check bureau; Jennifer Encalade, a staff services manager for the department's community care licensing division; and Ryan Boruff, a staff services manager for the department's caregiver background check bureau. Petitioner was the sole witness to testify in his favor.

Su testified she processed and recommended denial of petitioner's exemption request. Su recommended denial because petitioner had not been "off of formal probation for at least ten years," he did not accept responsibility for his actions and

4

blamed others instead, he failed to provide proof of rehabilitation, and the nature of his convictions was concerning because he had made false statements to the government. Su's manager, Boruff, reviewed her recommendation. On cross-examination, petitioner asked Su whether she had considered his three character references and deemed them to be positive; Su answered in the affirmative. The character references were admitted into evidence as administrative hearsay.

Boruff testified he agreed with Su's recommendation to deny the exemption request because: "[A]fter reviewing both Mr. Seaton's statement as well [as] the court documents I made a determination that he wasn't being truthful, and he was minimizing his role within the convictions. I also felt a little bit of concern for the safety of clients in care because he was applying to be an administrator, so his role would be very similar to his previous role when he had the four felony convictions. [¶] So he would have access to confidential information, he may have access to financial information, and given that there's four convictions where there's Medicare fraud coupled with the fact that within his statement he was blaming the State auditor . . . [objection made and overruled] . . . he spoke about how that he himself didn't have anything to do with the documentation or the documents that were represented to the government, that he just signed off on them, but he personally himself had no role in that. So even though he was in charge and did have to sign off on all the transactions, he minimized his role.

"And why that's important to us is because it all goes back towards rehabilitation. And that's what we're looking for. So we went and looked from the time somebody is convicted to the time that somebody wants to work for a community care license facility, we want to see what they've done since that point in order to improve their character. What they've done to improve themselves."

Boruff testified he did not see any evidence that petitioner had been rehabilitated. Boruff did not credit petitioner's administration training because "that's something he has to do in order to complete his process to become an administrator."

5

Encalade testified an administrator of a residential care facility for the elderly would manage "food, finances, possibly transportation to and from doctor's appointments, any care, any assistance they would need living day to day." The administrator submits reports, manages money, and is tasked with keeping confidential information.

Petitioner briefly testified at the administrative hearing, predominantly relying on his declaration, portions of which were admitted as direct evidence and others as administrative hearsay. The declaration detailed petitioner's military service, education and work history; the federal criminal proceeding, his incarceration, subsequent release, and activities during probation; the termination of his probation; the department-approved training he had completed; his passing of a department examination; and the exemption request process. Petitioner further requested to introduce two good moral character affidavits as exhibits. The administrative law judge admitted the exhibits as administrative hearsay.

Following the administrative hearing, the administrative law judge issued a proposed decision denying the appeal. The department adopted the proposed decision and the petition followed.

The trial court admonished petitioner for "failing to include in his brief a fair statement of the material evidence, accompanied by citations to the record," citing legal precedent and explaining that, "[i]f a party fails to do so, that portion of the brief may be stricken and the argument deemed to have been waived." The trial court nonetheless addressed the merits of petitioner's arguments and found the department's decision was supported by substantial evidence and petitioner was not denied a fair hearing.

Pertinent to petitioner's argument on appeal, the trial court found the period of supervised release by a federal court is equivalent to parole for purposes of

6

section 80019.1, subdivision (k)(5).[2]  "[B]ecause less than ten years had lapsed from the time that Petitioner completed his 'parole,' Petitioner did not meet the requirements of section 80019.1, subdivision (k)(5) at the time he requested an exemption.  As a result, there was a 'rebuttable presumption' that Petitioner was not of good character.  To overcome the adverse presumption, Petitioner had to present 'substantial and convincing evidence,' satisfactory to the Department, that he is rehabilitated and of good character."

The trial court explained that, "[i]n attempting to prove his case, Petitioner relied heavily on the fact that he exhibited 'good conduct' while on probation, that he took classes to improve his administrative skills, and that he submitted positive character references.  This is weak evidence.  As the Department noted, probationers are expected to comply with the terms of their probation; Petitioner was required to take the classes to apply for certification; and Petitioner's character references failed to acknowledge his criminal conviction."

The court found "Petitioner's evidence is not sufficient to overcome the other evidence supporting a finding that he is not sufficiently rehabilitated, which includes the nature of his crime, the number of offenses, the short length of time since his 'probation' ended, the circumstances surrounding the commission of the crime, his failure to accept personal responsibility for the convictions, and the vulnerability of clients in a community care setting.  [¶]  There is substantial evidence to support the Department's finding.  The Department did not abuse its discretion."

Petitioner appeals.

DISCUSSION

Petitioner acknowledges the rebuttable presumption that petitioner "is not of such good character as to justify the issuance of an exemption" applies.  (§80019.1,

---

[2]     Petitioner does not challenge this finding.

7

subds. (k)(5), (l).)  Petitioner argues the department "elevated the rebuttable presumption into an unrebuttable presumption" because the department based its denial "on the fact that less than ten years had passed since the end of [petitioner's] sentence."  In petitioner's view, the department "clarified that it viewed the evidence proffered by [petitioner] as irrelevant, in direct contradiction of the appeal process established by the statute."  Petitioner asserts the evidence he introduced of "personal efforts, character references, lack of violence, and honesty in the application process" rebutted the presumption, shifting the burden to the department "to provide facts and evidence that [petitioner] is not presently of good character and has not been rehabilitated," which the department failed to do.  Petitioner's argument is essentially that the department's decision is not supported by substantial evidence, as he asserted in the trial court.

The appeal is forfeited.  Petitioner failed to fairly put forward all material evidence on the issue raised.  "An appealed judgment is presumed correct, and the appellant must affirmatively demonstrate error.  [Citation.]  An appellant challenging the sufficiency of the evidence to support the judgment must cite the evidence in the record supporting the judgment and explain why such evidence is insufficient as a matter of law.  [Citations.]  An appellant who fails to cite and discuss the evidence supporting the judgment cannot demonstrate that such evidence is insufficient.  The fact that there was substantial evidence in the record to support a contrary finding does not compel the conclusion that there was no substantial evidence to support the judgment.  An appellant, such as [petitioner], who cites and discusses only evidence in [his or] her favor fails to demonstrate any error and waives the contention that the evidence is insufficient to support the judgment."  (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)  Pro. per. parties are not exempt from procedural rules.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

The trial court admonished petitioner that failing to include a fair statement of the material evidence in his briefing may result in forfeiture of his challenge to the

8

department's decision.  Petitioner did not heed the trial court's admonishment, again failing to fairly present the material facts on appeal -- e.g., failing to include in his statement of facts the department employees' testimony detailing why the department denied petitioner's exemption request.  Their testimony directly contradicts petitioner's assertion that the department's denial was based solely on the fact that less than 10 years had passed since the end of petitioner's supervised release and that the department considered the evidence presented by petitioner as irrelevant.  The testimony establishes that the department considered petitioner's evidence relevant but not substantial and convincing, as required under section 80019.1, subdivisions (c)(4) and (d).

Petitioner included in his factual background only the portion of Su's testimony that petitioner believes assists him.  Petitioner's effort to disregard all evidence unfavorable to him and cull from the record only such evidence as might be helpful to his position on appeal does not meet his burden of showing no substantial evidence in the record supports the department's decision.  Accordingly, petitioner has shown no error and we affirm the judgment.

DISPOSITION

The judgment is affirmed.  The department shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


                                                 /s/ _____
                                                 Robie, J.

We concur:


/s/ _____
Raye, P. J.


/s/ _____
Blease, J.